SYLLABUS

(This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.)

**Brenda Miller v. State-Operated School District of the City of Newark**
(A-52-18) (081771)

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Vernoia's opinion, published at ___ N.J. Super. ___ (App. Div. 2018).)**

**Argued September 23, 2019 -- Decided November 4, 2019**

**PER CURIAM**

The Court considers the Appellate Division's determination that Brenda Miller's employment with the State Operated School District of the City of Newark (District) was terminated in violation of her tenure rights under N.J.S.A. 18A:17-2.

Miller was hired by the District in 1998 and held various clerical and secretarial titles until 2012, all of which were classified titles under the Civil Service Act (Act). Effective July 2012, the District reclassified Miller's position to the unclassified title of Confidential Assistant. Almost seventeen months later, the District sent Miller a letter confirming the reassignment and advising her that her new position was not governed by the Act. More than two years later, Miller received a letter terminating her employment.

Miller appealed her termination to the Commissioner of Education, alleging it was unlawful because she had tenure under N.J.S.A. 18A:17-2. The Commissioner determined Miller did not earn tenure under N.J.S.A. 18A:17-2 while she served in classified positions under the Act because N.J.S.A. 18A:28-2 provides that "[n]o person, who is in the classified service of the civil service of the state pursuant to Title 11, Civil Service . . . , shall be affected by any provisions of this chapter." The Commissioner concluded Miller accrued credit toward tenure only during the period following her 2012 transfer to the unclassified position and that because she had not served in that position for three consecutive years prior to her termination, she did not have tenure rights under the statute. Miller appealed.

The Appellate Division reversed, disagreeing with the Commissioner's conclusion that Miller's "employment in her Civil Service position could not be considered in determining if she satisfied the time in employment requirements for tenure under N.J.S.A. 18A:17-2." ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 12-13, 21).

1

The appellate court noted that N.J.S.A. 18A:28-2 "renders Chapter 28's tenure provisions inapplicable to persons holding classified Civil Service positions." Id. at ___ (slip op. at 13). The court explained, however, that "Chapter 28 pertains exclusively to the tenure rights of teaching staff members in public school districts," and that, although "[t]he plain language of N.J.S.A. 18A:28-2 exempts persons employed in classified Civil Service titles from the 'provisions of' Chapter 28, [it] does not exempt employees in classified titles from the tenure provisions in other chapters of Title 18A." Id. at ___ (slip op. at 14) (emphases added). The court thus concluded that N.J.S.A. 18A:28 "is inapplicable to tenure rights earned under N.J.S.A. 18A:17-2," id. at ___ (slip op. at 15-16), and stressed that "N.J.S.A. 18A:17-2 does not exempt secretarial employees in Civil Service positions from its tenure protections," id. at ___ (slip op. at 16).

"[A]pply[ing] the plain language of N.J.S.A. 18A:17-2 to determine [Miller]'s entitlement to tenure," the court found that Miller "had tenure under N.J.S.A. 18A:17-2 when she was terminated," id. at ___ (slip op. at 16-17), and that "the District violated [her] tenure rights under N.J.S.A. 18A:17-2" by terminating her appointment, id. at ___ (slip op. at 20). In reaching that conclusion, the court rejected the District's reliance on two earlier decisions. Id. at ___ (slip op. at 18). The appellate court was "convinced that application of N.J.S.A. 18A:28-2 to employees not 'affected by' Chapter 28 is inconsistent with the statute's plain language." Id. at ___ (slip op. at 19).

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in the majority's opinion.

**AFFIRMED**.

**JUSTICE LaVECCHIA, dissenting**, explains that the Commissioner's decision in this matter was consistent with the agency's longstanding interpretation of the intersection of tenure rights accruing under Title 18A and the protections afforded to classified workers under civil service law, as well as with numerous decisions over a span of decades that kept separate the rights accruing under each statutory scheme. Noting that the Commissioner's application of the relevant statutes through the years reflects a reading of N.J.S.A. 18A:28-2's reference to "chapter" different from that reached by the appellate court here, Justice LaVecchia is of the view that the Court should defer to the Commissioner's interpretation, in accordance with principles of statutory interpretation. Underscoring the practical concerns associated with implementation of the Appellate Division's holding, Justice LaVecchia concludes that the interpretative issue found to exist in this matter should have been left to the Legislature to resolve.

**CHIEF JUSTICE RABNER and JUSTICES ALBIN, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion. JUSTICE LaVECCHIA filed a dissent, in which JUSTICE PATTERSON joins.**

Brenda Miller,

Petitioner-Respondent,

v.

State-Operated School District of the City of Newark,
Essex County,

Respondent-Appellant.

On appeal from the Superior Court,
Appellate Division, whose opinion is reported at
___ N.J. Super. ___ (App. Div. 2018).

| Argued | Decided |
| --- | --- |
| September 23, 2019 | November 4, 2019 |

Ramon E. Rivera argued the cause for appellant (Scarinci
& Hollenbeck, attorneys; Ramon E. Rivera, of counsel
and on the briefs, and Shana T. Don and A.J. Barbarito,
on the briefs).

Donna Arons, Assistant Attorney General, argued the
cause for respondent New Jersey Commissioner of
Education (Gurbir S. Grewal, Attorney General, attorney;
Joan M. Scatton, Deputy Attorney General, on the letter
brief).

William P. Hannan argued the cause for respondent
Brenda Miller (Oxfeld Cohen, attorneys; William P.
Hannan, of counsel and on the brief).

## PER CURIAM

The judgment of the Superior Court, Appellate Division is affirmed

substantially for the reasons expressed in Judge Vernoia's opinion, reported at

___ N.J. Super. ___ (App. Div. 2018).


      CHIEF JUSTICE RABNER and JUSTICES ALBIN, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.  JUSTICE LaVECCHIA filed a dissent, in which JUSTICE PATTERSON joins.

Brenda Miller,

Petitioner-Respondent,

v.

State-Operated School District of the City of Newark,
Essex County,

Respondent-Appellant.

JUSTICE LaVECCHIA, dissenting.

The Court today affirms a decision of the Appellate Division that reversed a Commissioner of Education decision. For the reasons that follow, I respectfully disagree with the action taken by my colleagues in the majority.

The Commissioner of Education's decision in this matter was consistent with the agency's longstanding interpretation of the intersection of tenure rights accruing under the education laws of Title 18A, specifically N.J.S.A. 18A:17-2, and the protections afforded to classified workers under civil service law in school districts that have opted to become civil service districts. Numerous decisions over a span of decades kept separate the rights accruing under each statutory scheme and respected the separate jurisdictional authority of the state agencies charged with administering each. See, e.g., Anderson v. Dep't of Pers. & the State Operated Sch. Dist., 97 N.J.A.R.2d (EDU) 65, 66

1

(April 10, 1995) (noting that the Commissioner has "consistently recognized that nonprofessional staff protected under Title 11 in school districts which have adopted the civil service law do not acquire separate tenure rights under Title 18A" and citing past decisions); see also Harp v. Bd. of Educ. of Newark, OAL DKT. EDU 10918-93, EDU 10919-93, EDU 3544-94 (consolidated) (Aug. 23, 1994) (affirming the Administrative Law Judge's determination that the employment of school clerks in the Newark school district is controlled by civil service law and not the tenure protections of N.J.S.A. 18A:17-2); Lo Russo v. State Operated Sch. Dist. of Jersey City, 97 N.J.A.R.2d (EDU) 505, 507 (April 18, 1997) (dismissing the petitioner's termination challenge because his employment rights were governed by civil service law rather than the education laws).

Nevertheless, citing N.J.S.A. 18A:28-2, which excludes persons in the classified service from being "affected by any provision of this chapter," the Appellate Division reinterpreted Title 18A's exemption of persons in civil service classified titles from school law tenure protection. According to the panel, it was applying the "plain language" of the statute. I cannot agree to a new "plain language" answer to the question presented in this matter. The Appellate Division's interpretive course correction is, at bottom, rooted in an argument between the parties as to whether "chapter" literally meant chapter

28 of Title 18A as opposed to the session law chapter (L. 1967, c. 271) that housed the complete recodification of Title 18 into Title 18A when N.J.S.A. 18A:28-2 and all its inter-related provisions sprang into being. See In re Fulcomer, 93 N.J. Super. 404, 411-12 (1967) (discussing recodification of education provisions of Title 18 into the new Title 18A). Obviously, the Commissioner's application of these statutes through the years read the "chapter" reference differently. The appellate court's decision swept aside the Commissioner's longstanding interpretation of the relevant statutes and decades of administrative jurisprudence.

If indeed some ambiguity is discernible here, this Court should defer to the Commissioner's interpretation of the provisions of Title 18A with respect to implementation of the tenure laws. Principles of statutory interpretation counsel that we should defer to the agency charged with administering the laws of a regulatory program entrusted to them for enforcement. See, e.g., Acoli v. State Parole Bd., 224 N.J. 213, 229 (2016) ("[G]enerally, when construing language of a statutory scheme, deference is given to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme."); see also In re Stallworth, 208 N.J. 182, 194 (2011) (noting that "[a]ppellate courts have 'a limited role' in the review of" agency decisions and that, "[i]n order to reverse an agency's

3

judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole" (third alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980))).

The Commissioner has raised practical concerns associated with implementation of the Appellate Division's holding, under which a board of education would have to exercise its review of a probationary secretary seeking tenure under Title 18A in an abbreviated fashion -- not the normal three years and a day -- in order to align with the probationary review of a secretary in a classified civil service position (three months). Compare N.J.S.A. 18A:17-2 (providing for a three-year period of review before the acquisition of tenure protection by school district secretaries or clerks), with N.J.A.C. 4A:4-5.1 (providing for an "examination process designed to permit an appointing authority to determine whether an employee can satisfactorily perform the duties of the title"), and N.J.A.C. 4A:4-5.2(b) (providing for a working test period of three months for workers in local service).

Indeed, as a result of the Appellate Division's holding here, the board of education was required to have performed its probationary evaluation of Ms. Miller for education tenure purposes when she first was appointed to her earlier secretarial or clerical title in the classified service on the off-chance

4

that she might at some future point be promoted to a school secretary position that was no longer in classified service. Even assuming an employer would be sufficiently prescient to anticipate that appointment to the civil service position meant the accrual of time toward tenure under the education laws -- at a time when such rights were not recognized under the relevant school-law jurisprudence -- it is unclear how the two schemes would mesh. I am forced to assume that the logic of the Appellate Division's decision necessarily shortens the time for school law tenure acquisition to the classified service probationary period so long as the person continues in that classified position past the three years and a day. And there is no explanation for how a difference of opinion in the decision to retain or terminate such an individual would be resolved between the two administrative agencies charged with overseeing their respective statutory schemes.

Respectfully, the interpretative issue found to exist in this matter should have been left to the Legislature to resolve. I would follow the prior school-law case law, which was properly applied by the Commissioner in this matter. Hence, I cannot affirm and approve for publication the Appellate Division decision in this matter, thereby granting it precedential value. Because I would reverse that decision, I must respectfully dissent from my colleagues in the majority.